UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

```
*******************************
Amro Farid,                    *
                               *
    Plaintiff                  *
                               *
    v.                         *
                               *   Civil Action No. 1:23-cv-00426-SM
Trustees of Dartmouth College, *
                               *
    Defendant                  *
*******************************
```

## **DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO RULE 56**

Trustees of Dartmouth College, the defendant, moves pursuant to Rule 56 of the Federal Rules of Civil Procedure for summary judgment on all counts in the plaintiff's complaint because, as is explained in the memorandum of law accompanying this motion:

(a) there is no genuine dispute that the plaintiff was denied tenure at Dartmouth due to legitimate, non-discriminatory reasons, including his poor teaching evaluations, his lack of competitive peer-reviewed grants, and other concerns, which resulted in an overwhelmingly negative vote against tenure by the plaintiff's colleagues;

(b) the plaintiff cannot produce evidence to show that the legitimate reasons for denying tenure were a pretext for discrimination on the basis of religion or national origin;

(c) the plaintiff cannot produce evidence that he experienced any unlawful retaliation, as he cannot show that the defendant's allegedly adverse actions—denying his requests to transfer a research grant, and opening and maintaining research misconduct proceedings against him based on the specific and credible allegations brought forward by one of his former graduate students— were causally related to any protected conduct, or that the legitimate reasons the defendant proffers are pretext for retaliation.

1

Alternatively, the plaintiff should be foreclosed from recovering front pay or future lost earnings. The plaintiff voluntarily resigned from Dartmouth, took a higher-paying job elsewhere, has not disclosed any calculations of these damages as required by FRCP 26(a)(1)(A)(iii), and has ignored Requests for Production that bear directly on the issue of future damages. Given the state of discovery, any future lost earnings or front pay could only be rooted in speculation, which is not permissible.

Given the nature of the relief sought, the defendant did not seek assent. L.R. 7.1(c). A separate memorandum accompanies this motion, which explains the defendant's position in more detail. L.R. 7.1(a)(2); L.R. 56.1(a).

WHEREFORE, the defendant respectfully requests that this court:

A. Grant this motion and, thus, grant summary judgment in favor of the defendant on all counts raised in the plaintiff's complaint;

B. In the event that any of the plaintiff's claims survive this motion, preclude the plaintiff from seeking damages relating to front pay and/or future lost earnings; and

C. Grant such other and further relief as is necessary and just.

                                      Respectfully submitted,

                                      TRUSTEES OF DARTMOUTH COLLEGE

                                      By its attorneys,

                                      DEVINE, MILLIMET & BRANCH, PA

Date: April 30, 2025                /s/ Pierre Chabot_____
                                      Pierre Chabot, Esq., No. 17606
                                      Stephen Zaharias, Esq., No. 265814
                                      111 Amherst Street
                                      Manchester, NH 03101
                                      603-695-8780
                                      pchabot@devinemillimet.com
                                      szaharias@devinemillimet.com

## **CERTIFICATE OF SERVICE**

    I hereby certify that, on this date, the foregoing pleading was filed in the Court's electronic filing system and, thus, electronically served upon all counsel of record, including plaintiff's counsel, through the ECF system.

Date: April 30, 2025                */s/ Pierre Chabot*_____
                                      Pierre Chabot, Esq.