UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

*******************************
Amro Farid,                                      *
                                                 *
    Plaintiff                  *
                                                 *        Case 23-cv-426-SM
v.                                               *
                                                 *
Trustees of Dartmouth College,                   *
                                                 *
    Defendant                  *
*******************************

## PLAINTIFF'S ANSWERS TO DEFENDANT'S FIRST SET OF INTERROGATORIES PROPOUNDED UPON THE PLAINTIFF

Plaintiff Amro Farid propounds the following Answers to the Interrogatories served Defendant Trustees of Dartmouth College under Fed.R.Civ.P. 33. Plaintiff may supplement these answers as information becomes available or as his memory is refreshed.

## INTERROGATORIES

1. Identify all persons with knowledge, documents, or information relating to your allegations that you experienced any retaliation or discrimination by Defendant on the basis of religion and/or national origin in violation of Title VII and/or RSA 354-A.

**Answer**: Plaintiff refers Defendant to the individuals identified in his Supplemental Initial Disclosures, except Jean Shaheen and Mark Laser.

2. Identify all chat rooms, blogs, online forums, or social media or networking websites, applications, services, software, or platforms (including but not limited to those involving video sharing, photograph sharing, blogging, messaging, or ephemeral messaging) for which you have or had an account, or for which you have used someone else's account to conduct activity, since January 1, 2020. For each account you identify, list:

1

(a) The name of the website, application, service, software, or platform.

(b) If applicable, the website address.

(c) The name of the account holder(s).

(d) The username(s) or handle(s) for the account.

(e) The email address(es) associated with the account, if any.

**Answer**: Plaintiff has a LinkedIn account under the username Amro M. Farid. Plaintiff has a Facebook account under the username Amro M. Farid which he lasted posted to on March 14, 2018.

3.  Identify each adverse employment action that you allege involved unlawful discrimination and/or retaliation and state all facts on which you base such allegations, including the time, place, manner, and participants in each alleged discriminatory and/or retaliatory act.

**Answer**: Plaintiff objects to this interrogatory on the grounds that the descriptor "time, place, manner, and participants" is vague, ambiguous and/or overload. Subject to and notwithstanding such objection, Plaintiff states that the five adverse employment actions are:

i. Tenure denial
ii. Denial of transfer/subcontract of CRREL funding
iii. Denial of energy systems data and using campus facilities for research.
iv. Prevented or discouraged from participating in Al-Nour (Muslim student group)
v. Research-Misconduct investigation.

The tenure denial occurred in June 2021 and involved at least Alexis Abramson, Laura Ray, Lee Lynd, the Thayer tenured faculty, Joseph Helble, CAP, Philip Hanlon, and possibly more individuals. The evidence of discrimination is recounted in the Complaint. Additionally, when I interviewed, Helble verbally told me hat I could apply for tenure in 2-4 years. He originally offered me a written contract that called me an Assistant Professor with a six-year tenure clock, even though I had five years of experience as a professor already. When I objected, he changed my title to Associate Professor with six-year tenure clock on the document, though he said verbally that I would be considered for tenure in 2-4 years. As soon as I signed the contract, however, he acted like the verbal agreement had not happened. A few months before my tenure review began, I reported a fear of retaliation to Abramson, Ray, and Lynd.

The denial of transfer and subcontract of CRREL funding occurred in the fall 2021 and involved Elizabeth Wilson and David Kotz. The evidence of retaliation is recounted in the Complaint. Furthermore, it is common practice to allow professors to subcontract some funds for project management reasons, such as labor shortages. It is also common practice to allow professors to transfer funds to a new university when a professor moves to another

2

university. This is especially true for this project where I was the lead PI on the specific project in question – not on the entire grant, but on the specific ARIIES project for which I requested a transfer and subcontract. The other professor for whom Dartmouth denied a transfer or subcontract concerning this grant was only a co-PI for a very small portion of a project, whereas denying my transfer and subcontract allowed Dartmouth to retain approximately $800,000 of funds that it could not even use for the contracted scope of work, since no other professor could take on this project, but allowed Dartmouth to allocate the funds to other research topics/needs.

The denial of energy system data and use of energy system facilities was ongoing between 2016 and 2020 and involved Lisa Hogarty, Richard Mills, Rosalie Kerr, Jennifer Hamilton, Frank Roberts, Jonathan Stark, Abbe Bjorklund, Stephen Doig, Philip Hanlon, Elizabeth Wilson, April Salas, Lee Lynd, Douglas Van Citters, and Solomon Diamond. The evidence of discrimination is recounted in the Complaint. Furthermore, at a faculty and staff meeting in 2017, Joseph Helble was discussing construction of the new engineering building and laughed at me in front of the gathered audience when I asked him if Dartmouth was going to allow faculty to extract data from the building for energy performance studies, even though Dartmouth had a track record of using energy sensors to monitor and manage utility usage on its buildings. I have further been blocked from advising students who wanted to extract data from the Dartmouth campus energy system, not only but most notably through an October 2019 communication from Solomon Diamond.

The discouragement from participating in Al-Nour occurred around 2016 and involved Joseph Helble. The evidence of discrimination is recounted in the Complaint.

The research misconduct investigation occurred from January 2022 to the present and involved Linda M. Sullivan, Nicole H. Hewett. Prasad Jayanthi, Andrew Campbell, Valerie J. Hillgren, Kenneth A. Loparo, Henrike Frowein, Chandrasekhar Ramanathan, Peter Mucha. Francis Magilligan, Prabat Hegde, Holly Wilkinson, Alexis Abramson, David Kotz, Dean Madden, and potentially other individuals. The evidence of retaliation is recounted in the Complaint.

This combined evidence of discrimination and retaliation animus provides further evidence that Darmouth had a discriminatory and retaliatory motivation for its denial of tenure.

4.  Identify each employee of Dartmouth College whom you allege was similarly situated to you but treated differently or more favorably than you.

**Answer:** Vikrant Vaze, Solomon Diamond, Douglas Van Citters, Geoffrey Luke, Jason Stauth, Kofi Odame, Elizabeth Wilson, Lindsay Anderson.

5.  Describe in reasonable detail all requests, demands, or complaints that you made to Defendant during your employment with Defendant relating to the allegations in the

3

Complaint, including, but not limited to, complaints about any retaliation or discrimination that you purportedly suffered on the basis of your religion or national origin, or on the basis of retaliation, and each response from Defendant, whether oral or in writing.

> **Answer:** In or around March 2020, I reported to Laura Ray, Lee Lynd, and Alexis Abramson that I had concerns about a retaliatory environment at Dartmouth and Thayer including specifically in the tenure review process. I received polite but dismissive responses from each of Ray and Lynd.

6. Identify all healthcare professionals, including but not limited to physicians, psychiatrists, psychologists, therapists, social workers, and other healthcare professionals with whom you consulted or from whom you received or sought treatment for any illness, condition, concern or other ailment or affliction that you have treated for since January 1, 2020.

> **Objection:** Plaintiff objects to this Interrogatory on the ground that it seeks information not likely to lead to the discovery of admissible evidence.

7. For each healthcare provider listed in response to Interrogatory 6, please identify the condition, illness or issue for which you sought treatment with each such provider.

> **Objection:** Plaintiff objects to this Interrogatory on the ground that it seeks information not likely to lead to the discovery of admissible evidence.

8. Describe in detail your current position at Stevens Institute of Technology, including your title, a description of your position, whether your position is tenured (or on tenure track), your wages/compensation, your benefits, and your job duties/responsibilities.

> **Answer**: I am the Alexander Crombie Humphreys Chair Professor of Economics in Engineering at Stevens Institute. My duties are the typical duties of a professor. My wages are $185,000 per year, plus typical benefits including healthcare, life insurance, 401k.

9. To the extent that you contend that the Defendant was required to approve your requests to subcontract or transfer any research funds to Massachusetts Institute of Technology or to to Stevens Institute of Technology, please describe in detail the basis for such contention.

4

**Answer and Objection:** Plaintiff objects to this Interrogatory on the ground that it is vague and ambiguous in terms of the meaning of "required to approve," where a claim of discrimination and retaliation only requires that an adverse action is done without discriminatory or retaliatory motivation. Subject to and notwithstanding such objection, Plaintiff states that he does not contend that Defendant was required to approve his requests to subcontract or transfer any research funds, but only review such requests for transfer or subcontract research funds without any discriminatory and retaliatory animus, which did not happen, causing the requests to be denied.

10. Please describe in detail why you believe that the claims concerning research misconduct, authorship, and/or plagiarism by Prabhat Hegde against you are "meritless."

**Answer and Objection:** Plaintiff objects to this Interrogatory on the ground that it is unclear and thus vague and ambiguous where the "meritless" quotation is derived from or whether it is a quotation attributed to Plaintiff. Subject to and notwithstanding such objection, Plaintiff states that his actions did not meet the metrics set forth in the National Science Foundation regulations on misconduct, the Defendant's policy on Research Misconduct, or the Defendant's or IEEE's policy on authorship, and that Hegde did not even allege research misconduct by words or substance in his original report to Dartmouth.

11. Please explain the factual basis for your claim in the Complaint that you suffered any sort of "emotional distress," "humiliation," "inconvenience," "loss of enjoyment of life," and/or "reputational harm" due to the Defendant.

**Answer and Objection**:
Plaintiff objects to this Interrogatory on the ground that it is unclear and thus vague and ambiguous. Subject to and notwithstanding such objection, Plaintiff states: I was largely healthy before my employment at Dartmouth. The stress of applying for tenure, fearing retaliation and discrimination, being denied opportunities as detailed in my complaint, and then ultimately being denied tenure built over time. I experienced significant trauma after being denied tenure including feelings of anxiety, depression, frequent nightmares, insomnia, heightened fear and sadness, and feeling of victimization. This all culminated in a lengthy period of time where I experienced overwhelming feeling of hopelessness, leading to me wishing, at times, that my life ended.

All terms used in this answer are intended as layperson terms and not intended to have a clinical meaning.

The following individuals observed the emotional distress:
  i. Inas Khayal
  ii. Jibran Ahmed
  iii. Wajdi Osman
  iv. Dana Mitra
  vi. Kamal Youcef-Toumi

5

      vii.     Olivier de Weck
     viii.    Clifton Below
      ix.     Mohsen Farid
       x.     Yomn Elsayed
      xi.     Sarah Farid
     xii.    Aramazd Muzhikyan
    xiii.    Steffi Muhanji
    xiv.    Wester Schoonenberg
     xv.    Dakota Thompson
    xvi.    Eric Liu
    xvii.   Juan Coves

12. Please explain the factual basis for your claim in the Complaint that the Defendant acted with "malice and/or with reckless disregard" for your rights under any state or federal law.

**Answer:** Plaintiff states that the factual basis is the totality of the combined actions of Defendants, to be determined by the jury, including but not limited to the violation of the procedural standards for tenure, the preference for tenure of non-Arab, non-Muslim professors with similar or less-qualified records of achievement over me, the discouragement of my service for the Muslim student group, the refusal to allow me to access energy systems data and facilities despite allowing non-Muslim, non-Arab professors to access such data and facilities, the refusal to allow me to take the CRREL grant funds with me when I left Dartmouth despite the long history of professors leaving Dartmouth with grant funding, the initiation and continuation of a frivolous research misconduct investigation.

13. If, in the past 10 years, you have raised any claims or allegations of retaliation and/or discrimination on the basis of religion and/or national origin against any person or entity other than the Defendant, please describe the nature of such, identify what forum those claims/allegations were brought in (and the docket numbers, if any), and the outcome of your claim or allegation.

**Answer and Objection**: No.

Respectfully submitted,

Respectfully submitted,
PLAINTIFF AMRO FARID
By his attorneys,

*/s/ Joseph Sulman*_____
Joseph L. Sulman
Law Office of Joseph L. Sulman, Esq.
255 Bear Hill Road, Suite 204
Waltham, MA  02451
(617) 521-8600
jsulman@sulmanlaw.com

Mark M. Whitney, NH Bar No. 11892
WHITNEY LAW GROUP, LLC
11 State Street
Marblehead, MA 01945
(781) 631-4400
E: mwhitney@whitneylawgroup.com

March 25, 2024

## CERTIFICATE OF SERVICE

I hereby certify that I served this document on counsel for Defendants by electronic mail on March 25, 2024

  */s/ Joseph Sulman*

Joseph Sulman

7

Stated and sworn under the pains and penalty of perjury, this  22  Day of March, 2024

                                                                     _____
                                                                     Amro Farid