UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

|  |  |  |
|---|---|---|
| Amro Farid, | * | |
| Plaintiff | * | |
| v. | * | Case 1:23-cv-00426-SM |
| Trustees of Dartmouth College, | * | |
| Defendant | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANT'S PRELIMINARY EXPERT DISCLOSURE

In accordance with Federal Rules of Civil Procedure 26(a)(2) and the approved Discovery Plan in this case, the Defendant, Trustees of Dartmouth College, by and through its attorneys, Devine Millimet & Branch, PA, hereby submits the following expert disclosure as follows:

### I. PRELIMINARY STATEMENT

Dartmouth reserves the right to supplement this disclosure through the addition of other experts or additional opinions of disclosed experts should the Plaintiff disclose experts.

### II. NON-RETAINED EXPERTS

The following are all non-retained experts and, as such, no written expert report is required. *See* Fed. R. Civ. Pro. 26(a)(2)(B)-(C).

A. Alexis Abramson.

Dean Abramson is currently a Professor of Engineering and the Dean of the Thayer School of Engineering at Dartmouth. She is expected to provide scientific, technical or other specialized testimony concerning: (a) the tenure policy at Dartmouth and how it was generally understood in academia to include an "up or out" provision; (b) how the tenure application process/procedure at Dartmouth generally operated, particularly with respect to professors at Thayer who applied for tenure; (c) an analysis of Plaintiff's tenure application, the Thayer

1

School of Engineering's deliberation on that application, the Dartmouth College administration's subsequent review of the Thayer School of Engineering's tenure recommendation, and an explanation of how the decision to deny Plaintiff's tenure application was based upon legitimate and non-discriminatory reasons; (d) an explanation of why certain research funding was properly retained at Dartmouth despite Plaintiff's requests to transfer it to other institutions; and (e) the research misconduct policies and procedures at Dartmouth and her role in determining that claims against Plaintiff should be advanced to more formal stages following a preliminary complaint.

As noted in Dartmouth's initial disclosures, Dean Abramson may also provide other non-expert testimony as well.

B. Henrike Frowein.

Ms. Frowein is the Director of the Office of Research Integrity in the Office of the Provost at Dartmouth College. She is expected to provide technical or other specialized testimony concerning: (a) the Research Misconduct Policy and Procedures at Dartmouth; (b) how research misconduct allegations are processed, investigated and resolved at Dartmouth, and generally in academia; (c) the allegations of research misconduct/plagiarism/retaliation made by Prabhat Hegde against Plaintiff and what actions Dartmouth took to respond to, investigate, and resolve such allegations; and (d) any conclusions reached as a result of the research misconduct allegations against Plaintiff.

As noted in Dartmouth's initial disclosures, Director Frowein may also provide other non-expert testimony as well. Director Frowein can be contacted through undersigned counsel.

C. Dean Madden.

Professor Madden is the Vice Provost for Research at Dartmouth, as well as a Professor of Biochemistry and Cell Biology. He is expected to provide technical or other specialized testimony concerning: (a) the Research Misconduct Policy and Procedures at Dartmouth; (b) how research misconduct allegations are processed, investigated and resolved at Dartmouth; (c) the allegations of research misconduct/plagiarism/retaliation made by Prabhat Hegde against Plaintiff and what actions Dartmouth took to process, investigate, and resolve such allegations; and (d) any conclusions reached as a result of the research misconduct allegations against Plaintiff.

As noted in Dartmouth's initial disclosures, Vice Provost Madden may also provide other non-expert testimony as well. Please note that Vice Provost Madden can be contacted through undersigned counsel.

D. Laura Ray.

Dean Ray is the Myron Tribus Professor of Engineering Innovation and the Senior Associate Dean of the Thayer School of Engineering at Dartmouth. She is expected to provide technical or other specialized testimony concerning: (a) how the tenure application process/procedure worked at the Thayer School of Engineering; (b) the expectations in the community of the Thayer School of Engineering concerning scholarship, teaching, and other aspects that are considered by the faculty in assessing an applicant for tenure; and (c) an explanation of the legitimate and non-discriminatory reasons that the Thayer School of Engineering faculty recommended not to grant Plaintiff's tenure application.

As noted in Dartmouth's initial disclosures, Dean Ray may also provide other non-expert testimony as well. Please note that Dean Ray can be contacted through undersigned counsel.

E. Jill Mortali.

Ms. Mortali is the Director of Sponsored Projects in the Office of the Provost at Dartmouth College. She is expected to provide technical or other specialized testimony concerning Dartmouth's policies and procedures relating to requests to transfer research grants or portions of grants, and specifically concerning the legitimate and non-discriminatory and non-retaliatory reasons that Dartmouth declined to transfer certain awards or subawards that Plaintiff requested to transfer to other institutions. Ms. Mortali can be contacted through undersigned counsel.

F. Mark Barnes.

Mark Barnes, JD, LLM, is a Partner at Ropes & Gray LLP, former Senior Research Officer and Senior Associate Provost for Research at Harvard University and a faculty member at Yale Law School. In July 2024, Mr. Barnes was appointed as a member of the investigation committee pertaining to the allegations of research misconduct/plagiarism/retaliation made by Prabhat Hegde against Plaintiff. Mr. Barnes is expected to provide technical or other specialized testimony concerning the matters contained in the written report/memorandum (dated October 18, 2024), that he co-authored with Dr. Kenneth Loparo, as well as with respect to any updates and/or revisions to said report/memorandum.

G. Faculty Members of the Thayer School of Engineering

Dartmouth reserves the right to rely on documents disclosed in discovery that contain the contemporaneous deliberations of faculty members of the Thayer School of Engineering on Plaintiff's tenure case, which documents likely contain technical or other specialized information concerning Plaintiff's tenure application, provided that such documents are admissible.

## V.  RESPONSE AND REBUTTAL

All experts disclosed herein are expected to respond to any additional issues that may result from further discovery and to rebut, or comment upon, any opinions offered by other expert witnesses.

                                                Respectfully submitted,

                                                TRUSTEES OF DARTMOUTH COLLEGE

                                                By its attorneys,

                                                DEVINE, MILLIMET & BRANCH, P.A.

Dated: November 8, 2024                  By: /s/ Pierre A. Chabot_____
                                                Pierre A. Chabot, Esq. (No. 17606)
                                                Stephen Zaharias, Esq. (No. 265814)
                                                111 Amherst Street
                                                Manchester, NH 03101
                                                (603) 669-1000
                                                pchabot@devinemillimet.com
                                                szaharias@devinemillimet.com